UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STEPPING STONES GROUP, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMETHOD PUBLIC SCHOOLS,<br><br>　　　　Defendant. | Case No. 23-cv-00199-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Before the Court is Plaintiff's motion to dismiss Defendant's Second Amended Counterclaim ("SACC"). Dkt. No. 32.[1] The motion is DENIED.

**I.   BACKGROUND**

In August 2019, Futures Education of California ("Futures"), a business providing special education teachers, staff, and therapists to schools, entered into an agreement (the "Agreement") with Amethod Public Schools ("AMPS"), a nonprofit organization that manages and operates California public charter schools. Compl. ¶ 8. Under the Agreement, Futures was to provide education services to AMPS for a fee. On July 21, 2021, AMPS and Futures entered an Addendum to the Agreement, which among other things extended the term of the Agreement.[2] That same year, Futures "merged" into the Stepping Stone Group ("SSG") and SSG assumed Futures' duties and obligations under the Agreement. Compl. ¶ 10.

SSG filed a five-count action against AMPS alleging that while SSG performed its obligations under the Agreement, AMPS failed to timely and fully pay the contracted fee. Compl.

---

[1] Plaintiff asks the Court to take judicial notice of invoices in support of its Motion to Dismiss. Dkt. No. 33. The invoices between Plaintiff and Defendant, which were attached to the Complaint as Exhibit E, are incorporated into the complaint by reference. *See Khoja v. Orexigen Therapeutic, Inc.*, 889 F.3d 988, 1002 (9th Cir. 2018) (document is incorporated by reference if plaintiff refers extensively to the document or it forms the basis of plaintiff's claim).
[2] The Addendum was incorporated into the Agreement, and any reference to the Agreement also encompasses the Addendum.

¶ 19. SSG claims that AMPS owes SSG at least $518,193.64. Compl. ¶11. In response, AMPS filed the SACC answering Plaintiff's complaint, asserting ten affirmative defenses, and alleging a single breach of contract counterclaim. Dkt. No. 31. AMPS' counterclaim asserts that while it performed all of its contractual duties, SSG breached the Agreement by "failing to provide the agreed upon and necessary staffing levels in order to accommodate AMPS' demands for special education services, failing to provide all legally required special education student services, and failing to provide the agreed upon and/or legally required statements, records, and reports." SACC ¶ 6. AMPS further alleges that as a result of SSG's breach, AMPS was forced to contract with another special education agency and paid in excess of $850,000 for those services.

SSG moves to dismiss AMPS' counterclaim.

## II. LEGAL STANDARD

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *Snap! Mobile, Inc. v. Croghan*, Case No. 18-cv-4686-LHK, 2019 WL 3503376, at *2 (N.D. Cal. Aug. 1, 2019). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### III. DISCUSSION

SSG moves to dismiss AMPS' breach of contract counterclaim for failure to state a claim upon which relief can be granted. The SACC does not identify which state's contract law it seeks to apply, but the parties appear to agree that California law applies. *See* Mot. at 4; Opp. at 3.

To state a breach of contract claim under California law, a countercomplainant must allege "(1) the existence of the contract, (2) [counterclaimant's] performance or excuse for nonperformance, (3) [counter]-defendant's breach, and (4) the resulting damages to the [counterclaimant]." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in *haec verba* or according to legal effect." *Twaite v. Allstate Ins. Co.*, 264 Cal. Rptr. 598, 605 (Cal. Ct. App. 1989). But a plaintiff does not have to allege the terms of the contract verbatim or with exacting precision. *See James River Ins. Co. v. DCMI, Inc.*, No. C 11-06345 WHA, 2012 WL 2873763, at *3 (N.D. Cal. July 12, 2012).

AMPS sufficiently describes the terms of the Agreement and the theory of breach so as to put SSG on notice as to its claim. AMPS alleges that SSG breached the contract by failing to provide the agreed upon and necessary staffing and failing to provide the agreed upon statements, records and reports. Further, AMPS alleges that SSG failed to provide over 130 days of special education services covered by the Agreement. The Agreement required SSG to furnish "special education services to AMPS" and to "prepar[e], in writing all activity reports as may be necessary or required." Compl., Ex. C at 14. AMPS' allegations sufficiently identify the relevant obligations in the Agreement and explain why SSG failed to comply with them. While SSG claims that the countercomplaint should be dismissed because AMPS does not allege "*how* SSG breached the agreement," Mot. at 5, the Court disagrees: this non-fraud counterclaim is not subject to the heightened pleading standards of Rule 9(b), and AMPS has done enough at the pleading stage.

//

IV. CONCLUSION

The Court **DENIES** AMPS' motion to dismiss.

The Court SETS a telephonic case management conference on November 28, 2023, at 2:00 p.m., and DIRECTS the parties to submit a joint case management statement by November 21, 2023. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The parties should be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated: November 13, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge